## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANTONIO GARCIA ELLIS, | ) |
| Petitioner, | ) ) ) |
| v. | ) ) Case No. CIV-22-00406-PRW |
| WILLIAM RANKINS, et al., | ) ) ) |
| Respondents. | ) |

### ORDER

Before the Court is United States Magistrate Judge Chris M. Stephens's Report and Recommendation (Dkt. 34) and Petitioner Antonio Garcia Ellis's Objections (Dkt. 35). For the reasons given below, the Court **ADOPTS** Judge Stephens's Report and Recommendation (Dkt. 34) in its entirety.

### *Background*

This is a habeas petition following a key witness's recantation of his trial testimony. The following facts are undisputed.[1] In June 2001, Ellis was convicted of first-degree felony murder in the District Court of Oklahoma County, Oklahoma. He was sentenced to life without the possibility of parole, but this sentence was subsequently modified to life imprisonment.

On September 9, 2019, Michael Lang, the sole eyewitness to the murder, sent an email to The Innocence Project in which he claimed that he falsely identified Ellis as the

---

[1] *See* Obj. (Dkt. 35), at 3.

1

murderer. Consequently, on July 6, 2020, Ellis filed an application for post-conviction relief in the trial court. The trial court held an evidentiary hearing on the matter, at which Lang testified and recanted his trial testimony. On May 3, 2021, the trial court denied the application. Ellis appealed, and on March 15, 2022, the Oklahoma Court of Criminal Appeals affirmed the trial court's ruling.

Ellis filed the instant Petition for Writ of Habeas Corpus (Dkt. 1) on May 18, 2022, asserting six grounds for vacating his conviction. The Court referred the matter to Judge Stephens, who recommends that the Court deny the Petition. Ellis timely objected.

### *Legal Standard*

The Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to."[2] An objection is "proper" if it is both timely and specific.[3] A specific objection "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute."[4] Moreover, "[a]n 'objection' that merely reargues the underlying motion is little different than an 'objection' that simply refers the District Court back to the original motion papers; both are insufficiently specific to preserve the issue for de novo review."[5] In the absence of a proper

---

[2] Fed. R. Civ. P. 72(b)(3).

[3] *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1059 (10th Cir. 1996).

[4] *Id.*

[5] *Vester v. Asset Acceptance, L.L.C.*, 2009 WL 2940218, at *8 (D. Colo. Sept. 9, 2009) (citing *One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996)); *see also Paulsen v. Christner*, No. 21-1367, 2022 WL 2165858, at *1 (10th Cir. June 16, 2022) ("[The plaintiff's] objections did not specifically address any of the magistrate judge's

objection, the Court reviews the Report and Recommendation to confirm that there is no plain error on the face of the record.[6]

*Analysis*

## I.   Judge Stephens fully reviewed the factual record.

Ellis first objects to Judge Stephens's discussion of the facts contained in Section III, B of the Report and Recommendation.[7] Here, Judge Stephens details Mr. Lang's four custodial interviews prior to Ellis's trial which occurred on January 7 (one beginning around 1:00 a.m. and another beginning around 12:00 p.m.), 8, and 12, 1999. The latter two were video recorded. For his discussion of the January 7 interviews, Judge Stephens cites the trial testimony of Detective James Bauman, as well as the Warr Acres Police Report. For his discussion of the January 8 and 12 interviews, Judge Stephens cites the transcript of the videos.

Ellis does not object to the accuracy of the Report and Recommendation's factual discussion. Rather, he argues that Judge Stephens improperly based it on Detective Bauman's testimony and failed to review the videos of the recorded interviews. But as Ellis himself admits in his petition, the January 7 interviews were not recorded,[8] and Judge

---

conclusions. Instead, the objections merely reargued, in the most general fashion, the merits of his claims." (citation omitted)).

[6] *Summers v. State of Utah*, 927 F.2d 1165, 1167–68 (10th Cir. 1991) ("In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate.").

[7] *See* R. & R. (Dkt. 34), at 5–11.

[8] *See* Pet. (Dkt. 1), at 7.

3

Stephens properly relied on Detective Bauman's testimony and the Warr Acres Police Report.

As for the January 8 and 12 interviews, Judge Stephens does more than merely "reference" the transcript, he exclusively and extensively cites it. This does not, as Ellis contends, demonstrate that Judge Stephens didn't view the recordings. And in any event, Ellis doesn't explain how Judge Stephens's reliance on the transcripts was improper. Indeed, the Report and Recommendation demonstrates that Judge Stephens carefully considered the entire record. And the Court, having reviewed the record *de novo*, concludes that Judge Stephens gave due consideration to the entire record and accurately describes what Mr. Lang said at his custodial interviews.

**II.    Ellis is not entitled to relief under 28 U.S.C. § 2254(d)(2).**

In denying Ellis's application for post-conviction relief, the trial court found that "material parts of his testimony were true and that his recantation [was] not true."[9] The Oklahoma Court of Criminal Appeals affirmed, finding that the trial court did not abuse its discretion.[10] Ellis's first four grounds for habeas relief are based in part on his contention that the appeals court's conclusion was based on an unreasonable determination of facts in light of the record evidence. Judge Stephens found that Ellis has not shown that the trial court's finding as to the credibility of Lang's recantation was based on an unreasonable determination of the facts. The Court agrees.

---

[9] Trial Court Order (Dkt. 1-1), at 27.

[10] Appeals Court Order (Dkt. 1-2), at 5.

A petitioner can prevail when he shows that the state court "plainly misapprehend[ed] or misstate[d] the record in making [its] findings, and the misapprehension goes to a material factual issue that is central to petitioner's claim[.]"[11] Witness credibility is a fact issue.[12] Federal courts are to presume that a state court's determination of a fact issue is correct, unless the petitioner rebuts that presumption by clear and convincing evidence.[13] And even if a petitioner rebuts the presumption of correctness, it is not enough that the state court's conclusion is incorrect. It must be "objectively unreasonable," meaning that "all reasonable minds reviewing the record would agree that it was incorrect."[14]

### A.  The trial court's adoption of the prosecution's proposed findings of fact does not alter the presumption of correctness.

Ellis objects to Judge Stephens's deference to the trial court's factual determinations.[15] Specifically, Ellis contends that the trial court order is not entitled to deference because the district judge adopted the prosecution's proposed findings of fact and conclusions of law.[16] As he notes, in *Anderson v. City of Bessemer City, N.C.*, (a Title

---

[11] *Byrd v. Workman*, 645 F.3d 1159, 1171–72 (10th Cir. 2011) (citation omitted); 28 U.S.C. § 2254(d)(2).

[12] *Ellis v. Raemisch*, 872 F.3d 1064, 1071 n.1 (10th Cir. 2017).

[13] *Id.*; *see also* 28 U.S.C. § 2254(e)(1).

[14] *Smith v. Aldridge*, 904 F.3d 874, 880 (10th Cir. 2018) (cleaned up and citations omitted).

[15] And because the appeals court did not provide significant discussion or analysis of the factual findings on which it relied, Judge Stephens properly "looked through" the appeals court's opinion and evaluated the trial court's decision. *Wilson v. Sellers*, 584 U.S. 122, 125 (2018).

[16] The Court notes that this is the first of many rehashed arguments that Ellis previously raised before Judge Stephens. *Compare* Pet. (Dkt. 1), at 3; Reply (Dkt. 30), at 9–10. But

VII case) the Supreme Court observed that it has "criticized courts for their verbatim adoption of findings of fact prepared by prevailing parties, . . . ."[17] But Ellis omits the Court's further explanation that "even when the trial judge adopts proposed findings verbatim, the findings are those of the court and may be reversed only if clearly erroneous" (the general appellate review standard for a district court's factual determinations).[18]

*Anderson*, therefore, does not alter the habeas standard of review simply because a court adopts a party's proposed findings. And Ellis's unfounded suspicion that the trial court did not actually review the full record is mere conjecture. Ellis therefore has not shown by clear and convincing evidence that the trial court's fact determinations were incorrect. Accordingly, the Court finds that Judge Stephens properly concluded that the trial court's findings of fact are entitled to a presumption of correctness.

### B. The "inaccuracies" that Ellis identifies in the trial court order are merely Ellis's disagreements with the trial court's weighing of the evidence.

Next, Ellis objects to Judge Stephens's findings as to the supposed inaccuracies in the trial court's order that Ellis outlines in his Petition. To the extent that Ellis attempts to generally object to Judge Stephens's findings and conclusions in this section of the Report

---

because Judge Stephens did not explicitly address this argument in his Report and Recommendation, the court considers it *de novo*.

[17] *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 572 (1985).

[18] *Id.*; *San Juan Cnty., Utah v. United States*, 754 F.3d 787, at 796 (10th Cir. 2014).

and Recommendation, such objections are improper.[19] He does specifically object to three purported "inaccuracies." These are the trial court's findings that (1) Lang witnessed the victim raise his arms defensively; (2) Detective Bauman's evidentiary hearing testimony was credible; and (3) Lang's testimony that he witnessed Ellis flee the scene eastbound supported its conclusion.

But in each objection, Ellis merely raises countervailing evidence. He argues that "[i]t is unclear how the trial court's factfinding can be reasonable when there is evidence in the record that contradicts it."[20] But conflicting evidence does not render a court's conclusion objectively unreasonable. Rather, where a state court adopts one of several plausible interpretations of conflicting record evidence, it is not "objectively unreasonable."[21] In none of the above circumstances has Ellis shown that the trial court plainly misapprehended or misstated the record, nor do his differing inferences suffice to establish error under Section 2254(d)(2).

### C. The trial court was not required to discuss all the evidence before it.

Judge Stephens next rejected Ellis's contention that the trial court ignored certain evidence. Ellis's objection is an almost verbatim cut-and-paste of nearly nine pages of text from his Petition.[22] This improper objection does not enable the Court to focus on the issues

---

[19] *See* Obj. (Dkt. 35), at 7 ("Some of the 'facts contained within this part of the [Report and Recommendation], taken directly from the trial court's findings, are not accurate, such that they cannot be deemed to be reasonable.").

[20] Obj. (Dkt. 35), at 9.

[21] *Renico v. Lett*, 559 U.S. 766, 778 (2010); *Smith*, 904, at 880.

[22] *Compare* Pet. (Dkt. 1), at 45–53 *with* Obj. (Dkt. 34), at 10–19.

at the heart of the dispute. But regardless of whether the Court reviews this portion *de novo*, it would reach the same conclusion as Judge Stephens. First, as Judge Stephens observed, the trial court *did* discuss some of the items that Ellis raised. The trial court's failure to discuss the remaining items did not demonstrate that the trial court determination of the credibility of Lang's recantation was based on an unreasonable determination of facts.[23] Ellis has not shown that the trial court misapprehended or misstated the record.

      **D.**      **The cumulative effect of the identified "inaccuracies" and omissions do not demonstrate error on the part of the trial court.**

Ellis also argues that Judge Stephens failed to consider the cumulative impact of the "inaccuracies of the facts that the state court relied on" and "the factors that the court ignored."[24] But that isn't supported by the record.[25] Besides, the Court finds *de novo* that, viewed altogether, the differing inferences and omissions Ellis has identified do not demonstrate that the trial court plainly misapprehended or misstated the record.

**III.**    **Ellis is not entitled to relief under 28 U.S.C. § 2254(d)(1).**

As part of Lang's recantation, he testified that the police showed him Ellis's photograph before he identified him. Ellis argues that this method was unduly suggestive and violated his due process rights. He also asserts that the prosecution never disclosed to Ellis's defense counsel that Lang had been shown a photograph, constituting a *Brady* violation. The trial court found Lang's allegation that he was shown a photograph prior to

---

[23] *Miller-El v. Cockrell*, 537 U.S. 322, 347 (2003) ("[A] state court need not make detailed findings addressing all of the evidence before it.").

[24] Obj. (Dkt. 35), at 19–20.

[25] *See* R. & R. (Dkt. 34), at 35–36.

identifying Ellis to be untrue.[26] The appeals court affirmed, finding that (1) the trial court did not abuse its discretion in finding that Lang's recantation was untrue and (2) Ellis failed to show that the prosecution suppressed evidence.[27]

Judge Stephens correctly observes that Ellis's arguments hang on his assertion that Lang's recantation was credible. He concluded that because this Court is bound to deferential review of the trial court's factfinding regarding the credibility of Lang's recantation, Ellis had not established unreasonable application of clearly established federal law. This does not, as Ellis argues, "conflate[] the two separate grounds of relief under the habeas statute." [28] Rather, in light of the Court's deference to the trial court's finding that Lang's recantation was false, Ellis's arguments—based on facts that the trial court rejected—collapse. The Court is to defer to the trial court's factfinding, not Ellis's.

### IV.   Ellis is not entitled to habeas corpus relief on the grounds of actual innocence or cumulative error.

Finally, Judge Stephens recommends that the Court deny Ellis's actual innocence claim and claim for cumulative error. Ellis objects, asserting that Judge Stephens "misconstrued the argument," but rather than explain how, he again cuts and pastes the entirety of page 58 of his Petition into his Objection. As noted above, this is an improper objection. Moreover, having reviewed this portion of the Report and Recommendation *de novo*, the Court concurs with Judge Stephens's well-reasoned findings and conclusions.

---

[26] R. & R. (Dkt. 34), at 36, 38 (citing Order (Dkt. 1-1), at 27).

[27] Appeals Ct. Order (Dkt. 1-2), at 5, 7.

[28] Obj. (Dkt. 35), at 20–21.

9

*Conclusion*

Accordingly, the Court **ADOPTS** the Report and Recommendation (Dkt. 34) and **DENIES** the Petition (Dkt. 1).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability when it enters a final order adverse to a petitioner. A certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right."[29]

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. . . . When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.[30]

Upon consideration, the Court finds the requisite standard is not met in this case. Therefore, a certificate of appealability is **DENIED**.

**IT IS SO ORDERED** this 23rd day of July 2025.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[29] 28 U.S.C. § 2253(c)(2).

[30] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).